## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

KELVIN TAYLOR                                                      PETITIONER

V.                                                        NO. 4:22-CV-78-DMB-RP

BRAND HUFFMAN                                                      RESPONDENT

### OPINION AND ORDER

 Kelvin Taylor requests that his federal petition for a writ of habeas corpus be held in abeyance so that he may exhaust his unexhausted claims in state court. The State seeks dismissal without prejudice based on Taylor's failure to exhaust. Because the time for Taylor to refile a federal habeas petition has expired, dismissal is not warranted. But because Taylor has not shown a stay is warranted, Taylor will be given an opportunity to amend his petition to remove the unexhausted claims and proceed only on the exhausted grounds for relief.

### I
### Relevant State Court Proceedings

 On February 14, 2018, a jury in the Circuit Court of Coahoma County, Mississippi, convicted Kelvin Taylor of two counts of murder and one count of being a felon in possession of a firearm. Doc. #11-4 at PageID 616. The relevant facts leading up to his trial and conviction were summarized by the Mississippi Supreme Court on certiorari review:

> After responding to a call on September 7, 2011, Officer Royneshia Turner found Willie Bass and Flora Watkins shot dead in their home in Clarksdale, Mississippi. On November 9, 2012, after the case went cold for more than a year, Lieutenant Marena Jones and Captain Mario Magsby of the Coahoma County Sheriff's Department traveled to the Bolivar County jail to interview Kelvin Taylor, where he was in custody awaiting trial for an unrelated capital murder. After Lieutenant Jones and Captain Magsby informed Taylor of the reason for their visit—to investigate the murder of Charlina Miller—Taylor told Lieutenant Jones that he wanted to talk to Coahoma County Sheriff Charles Jones. Later that evening, Lieutenant Jones and Sheriff Jones returned to interview Taylor, and, after

informing Taylor of his Fifth Amendment rights per *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), Lieutenant Jones obtained a waiver of those rights from Taylor. Lieutenant Jones left the room to allow Sheriff Jones and Taylor to talk alone. The conversation on November 9, 2012, did not provide Sheriff Jones with any information regarding the murders of Bass and Watkins. When Sheriff Jones and Lieutenant Jones returned to the Bolivar County jail for a second interview on November 15, 2012, Taylor indirectly implicated himself in the murders.

On May 27, 2015, Taylor was indicted for the murders of Bass and Watkins and for possession of a firearm by a felon. Taylor filed two motions to suppress—one authored by his defense counsel and one pro se. Taylor's pro se motion to suppress challenged the validity of the waiver of his Fifth Amendment right to counsel obtained by the Coahoma County Sheriff's Department because, according to Taylor, he had already invoked his Fifth Amendment right to counsel.

A week prior to Taylor's first trial, on July 11, 2016, the circuit court held a suppression hearing in which Sheriff Jones and Lieutenant Jones testified about their two interviews with Taylor. Neither Taylor nor his defense counsel presented evidence to substantiate Taylor's claim that he invoked his right to counsel before November 9, 2012. The circuit court denied Taylor's motions to suppress. Since the jurors were unable to reach a unanimous verdict at Taylor's first trial in 2016, the circuit court declared a mistrial.

Taylor's second trial began on February 14, 2018. Though Taylor renewed his motions to suppress, he presented no evidence of the February 6, 2012 invocation of the Fifth Amendment right to counsel before his case-in-chief—after the circuit court had ruled on Taylor's motions to suppress and his renewed motions to suppress, the State had rested and Taylor's motion for directed verdict had been denied. Taylor's statement implicating him in the Bass and Watkins murders was introduced at trial along with the testimony of Sheriff Jones and Lieutenant Jones regarding their interviews with Taylor. After Taylor's statement was introduced at trial and the State rested, Taylor proffered the testimony of Bolivar County Sheriff's Department Chief Deputy Gerald Wesley, Jr., that Taylor invoked his Fifth Amendment right to counsel on February 6, 2012. The court allowed the proffer so that the testimony of Chief Deputy Wesley, Jr., would appear in the record. But the court ruled that Chief Deputy Wesley, Jr., could not testify at trial since it already dealt with Taylor's argument necessitating the testimony of Chief Deputy Wesley, Jr., in the court's denial of Taylor's motions to suppress and found his testimony irrelevant to the merits of the case. Taylor was convicted on all three counts and was sentenced to life in prison for each murder count and ten years for possession of a firearm by a felon.

*Taylor v. State*, 330 So. 3d 758, 760–61 (Miss. 2021) (cleaned up).

Taylor, through counsel, appealed his conviction, asserting the trial court erred (1) "in denying [his] motion for directed verdict[ because t]he evidence [was] insufficient to sustain a conviction on any count of the indictment," and (2) by instructing the jury regarding "accessory before the fact" because there was "no evidence in the record to support the instruction and [it] improperly suggest[ed] a theory of the case to the jury." Doc. #11-11 at PageID 1560. Taylor filed a pro se supplemental brief raising three issues: (1) "the trial court committed 'plain error' by admitting a statement obtained in violation of [his] Fifth and Fourteenth Amendment to the U.S. Const., Art 3 Sec 26 of the Miss. Const. rights;" (2) "[t]he trial court erred in denying [his] motion for a directed verdict[ because t]he evidence [was] insufficient to sustain a conviction on any count of the indictment;" and (3) "[t]he trial court committed 'plain error' by constructively amending the indictment by granting jury instruction C-16."[1]  *Id.* at PageID 1617. Taylor subsequently filed an "amended" pro se supplemental brief raising three similar issues: (1) his conviction and sentence are "void and 'illegal' because the State knowing [sic] presented perjured testimony, the testimony was material, and the State knew the testimony was false" and the State omitted and destroyed evidence; (2) "the trial court committed 'plain error' when he admitted his statement obtained illegally at his trial after he had invoked his right to counsel during custodial interrogation" without a finding that the "waiver of rights was knowing, intelligent and voluntary as required by law;" and (3) "[t]he trial court committed 'plain error' by constructively amending the indictment by granting jury instruction C-16." *Id.* at PageID 1767, 1771–72.

After considering all of Taylor's appeal arguments and finding them without merit, the Mississippi Court of Appeals affirmed Taylor's convictions and sentences on May 12, 2020.

---

[1] This is the same instruction challenged in the brief filed by counsel. *See* Doc. #11-11 at PageID 1560.

*Taylor v. State*, __ So. 3d __, 2020 WL 2394027 at *1 (Miss. Ct. App. 2020). Taylor filed a motion for rehearing, Doc. #11-13 at PageID 2197, which the Mississippi Court of Appeals denied on September 15, 2020, *id.* at PageID 2151. Taylor filed a petition for a writ of certiorari to the Mississippi Supreme Court. Doc. #11-14 at PageID 2488. The Mississippi Supreme Court granted his petition on January 14, 2021. *Id.* at PageID 2483.

Before the Mississippi Supreme Court, Taylor argued (1) "the circuit court erred by denying his motions to suppress," "applied an incorrect legal standard[,] and misapplied the law;" (2) "the Court of Appeals erred by applying an incorrect legal standard;" and (3) "he received ineffective assistance of counsel due to his trial counsel's failure to subpoena Chief Deputy Wesley, Jr., or to introduce as evidence the transcript of his interview with Chief Deputy Wesley, Jr., on February 6, 2012." *Taylor*, 330 So. 3d at 762, 769. The Mississippi Supreme Court found "no reversible error" and affirmed. *Id.* at 760. As to the ineffective assistance of counsel claim, that court noted:

> Since Taylor did not raise his ineffective-assistance argument on direct appeal before the Court of Appeals but, rather, in a petition for certiorari, he is barred from asserting this particular argument now. Though today we recognize and enforce the procedural bar to Taylor's ineffective-assistance claim raised in his petition for certiorari and therefore dismiss the same, we do so without prejudice to allow Taylor to raise this claim … in a post-conviction relief proceeding.

*Id.* at 770.

## II
## Federal Procedural History

On May 26, 2022, Taylor filed a pro se petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. Taylor asserts two grounds for relief: (1) he "was denied a fundamental fair trial because the trial court admitted his statement obtained illegally after he requested counsel during custodial on [sic]" "Feb-6-2012.

4

The trial court failed to find as a fact that a waiver of rights was knowing, intelligent, and voluntary;" and (2) "[w]hether the state of Mississippi denied [him] a fair trial and due process because the state knowingly presented false testimony" "at his suppression hearing and trial in violation of the Fifth, Sixth and Fourteenth Amendment to the U.S. Const." *Id.* at PageID 5, 7, 16, 26. Although not listed as a separate ground, in explaining why he "did not exhaust [his] state remedies on Ground One," Taylor asserts he received ineffective assistance of counsel because his counsel failed to "(1) investigate whether [he] requested an attorney during custodial interrogation" on February 6, 2012; (2) "interview critical witnesses;" (3) "develope [sic] the factual and legal bases of his cases, claims, objections, defenses, errors and objections;" (4) "assert his Fifth Amendment self incrimination Miranda-Edwards and progeny claim;" (5) "assert the state knowingly presented perjured/false testimony at his suppression hearing and trial;" and (6) "present exculpatory Nov-9-2012 and Nov-15-2012 audio recordings during the suppression hearing and trial." *Id.* at PageID 5, 25. In his petition, Taylor acknowledges he did not raise in the state courts any of the grounds for relief presented in post-conviction proceedings. *Id.* at PageID 6, 7.

United States Magistrate Judge Roy Percy ordered the State to respond to the petition no later than August 14, 2022. Doc. #4. Before the State did so, on June 22, 2022, Taylor filed a "Motion To Hold Petitioner's Petition For Writ Habeas Corpus In Obeiance [sic] And To Grant Him Permission To Return To State Court To Exhaust His State Remedies." Doc. #7. The State filed a response on July 6, 2022. Doc. #9. The same day, the State moved to dismiss Taylor's petition for failure to exhaust state court remedies. Doc. #10. Taylor did not reply in support of his motion or respond to the State's motion to dismiss.

### III
### Exhaustion and Abeyance

"A federal habeas petition filed by a state prisoner shall not be granted unless the prisoner exhausts available state remedies." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013). This requirement is satisfied "when the substance of a federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings, even if the state court fails to address the federal claim." *Id.* (internal quotation marks omitted). When "a single petition contain[s] some claims that have been exhausted in the state courts and some that have not," it is considered a "mixed" petition. *Rhines v. Weber*, 544 U.S. 269, 271 (2005).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts were required to "dismiss[] mixed petitions without prejudice and allow[] petitioners to return to state court to present the unexhausted claims to that court in the first instance." *Id.* at 274. Recognizing that the addition of AEDPA's one year statute of limitations for federal habeas petitions means that "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims" and in light of the district courts' "authority to issue stays," the United States Supreme Court recognized a "stay-and-abeyance" approach to mixed petitions. *Id.* at 275–76. Under this approach, rather than dismissing the mixed petition, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.*

> A stay and abeyance should be available only in limited circumstances because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality and streamlining federal habeas proceedings. Stay and abeyance is only appropriate where (1) the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court; (2) the claim is not plainly

> meritless; and (3) there is no indication that the petitioner is engaging in abusive litigation tactics or intentional delay.

*Young v. Stephens*, 795 F.3d 484, 494–95 (5th Cir. 2015) (cleaned up) (quoting *Rhines*, 544 U.S. at 277–79). "[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

## IV
### Discussion

In his motion to hold his petition in abeyance, Taylor asserts that he was told by the inmate legal assistance program that "if he raised his claims substantially on direct appeal, in the state highest court, said claims are exhausted in state court;" "after talking to other inmates who reviewed his filings in state court on direct appeal, the other inmates advised him that because he has not raised his supporting facts as state [sic] in his habeas corpus in state court filings he has not exhaust his state court remedies;" and "out of an abondance [sic] of caution and not waive any appeals, he request this court to issue an order directing that his petition for writ of Habeas Corpus be held in obeiance [sic], and that he be allowed to return to state court to exhaust his claims in post conviction proceedings in state court." Doc. #7 at 1–2. Taylor specifically references the ineffective assistance of counsel claims raised in his petition and adds additional ineffective assistance claims. *Id.* at 3–4.

Both in response to Taylor's motion and in its own motion to dismiss, the State asserts that "Taylor has failed to *properly* present his numerous claims of ineffective assistance of counsel … to the Mississippi Supreme Court either on direct appeal or on post-conviction

review," rendering his current petition "a 'mixed petition,' *i.e.*, containing both exhausted and unexhausted claims." Doc. #9 at 7; Doc. #10 at 8. It argues that Taylor's lack of understanding regarding exhausting his claims "falls short of establishing the requisite 'good cause' for this Court to stay Taylor's petition and hold this matter in abeyance" and that dismissal without prejudice rather than a stay is appropriate. Doc. #9 at 9; Doc. #10 at 11. Alternatively, the State asks that the Court "give Taylor the option of voluntarily amending his federal habeas petition to delete or dismiss the unexhausted claims and then proceeding only on his exhausted claims." Doc. #9 at 12; Doc. #10 at 11.

There is no dispute that Taylor has failed to exhaust the ineffective assistance of counsel claims in his current petition. While the State argues dismissal of the petition without prejudice is appropriate because at the time of its motion to dismiss the one-year statute of limitations had not expired,[2] because the pendency of a federal habeas case does not toll the statute of limitations,[3] it has now expired and any future federal habeas petition would be untimely. Thus, dismissal, even without prejudice, would "unreasonably impair [Taylor's] right to obtain federal relief." *Rhines*, 544 U.S. at 278. Accordingly, dismissal is not warranted. So the question is whether Taylor has shown that stay and abeyance is appropriate or if instead he should be allowed to amend his petition to delete the unexhausted claims.

The Court concludes that stay and abeyance is not warranted in this case. Taylor asserts in his initial petition that the reason he did not exhaust his state remedies is because of his trial counsel's ineffectiveness. Doc. #1 at PageID 5. In his motion to stay, Taylor represents that he has not exhausted his state remedies because of his lack of understanding and because he is "proceeding pro se, … untrained in the law." Doc. #7 at 1. However, there is "no right to

---

[2] Doc. #9 at 10–11.

[3] *Duncan v. Walker*, 533 U.S. 167, 181 (2001).

counsel in post-conviction proceedings"[4] so any alleged ineffectiveness does not establish good cause for his failure to exhaust. *See Bishop v. Epps*, 288 F. App'x 146, 149 (5th Cir. 2008). And Taylor's "indigency and pro se status are common problems among prisoners seeking postconviction collateral review and do not constitute good cause for his failure to exhaust his state remedies." *Loynachan v. Davis*, No. 4-15-cv-708, 2017 WL 1929121, at *3 (N.D. Tex. May 10, 2017), *aff'd*, 766 F. App'x 156 (5th Cir. 2019); *see Leachman v. Davis*, 699 F. App'x 441, 442 (5th Cir. 2017) (per curiam) (petitioner failed to show district court abused its discretion in concluding his "reasonable confusion" regarding whether his claims were exhausted did not establish good cause warranting a stay). Because Taylor has not shown good cause for his failure to exhaust his state remedies, stay and abeyance is inappropriate. Rather, Taylor will be given an opportunity amend his petition to exclude the unexhausted claims.

## V
## Conclusion

Taylor's motion to stay [7] is **DENIED**. The State's motion to dismiss [10] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it asks that Taylor be allowed to amend his petition to remove unexhausted claims. It is DENIED in all other respects. No later than March 17, 2023, Taylor may file an amended petition to exclude the unexhausted claims, if he so desires, and proceed on the merits of the remaining grounds for relief.

**SO ORDERED**, this 17th day of February, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] The Mississippi Supreme Court does recognize a right to effective post-conviction counsel in death penalty cases, *see Grayson v. State*, 118 So. 3d 118, 126 (Miss. 2013), but such is not the situation presented here.